**ZENO B. BAUCUS**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:   (406) 657-6101
FAX:     (406) 657-6989
E-mail: zeno.baucus@usdoj.gov

**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> vs. <br><br> **ANTHONY WILLIAM FELTON,** <br><br> Defendant. | **CR 18-63-BLG-SPW** <br><br><br> **SENTENCING MEMORANDUM** |

The United States of America, by and through Zeno B. Baucus, Assistant U.S. Attorney for the District of Montana, provides the Court with a memorandum in aid of sentencing of the defendant.

1

## INTRODUCTION

On May 17 2018, a Montana Grand Jury returned a multiple-count indictment against the defendant, charging him with Bank Burglary and Receipt by a Person under Indictment, in violation of 18 U.S.C. §§ 2113(a), and 922(g)(9). On October 10, 2018, the defendant changed his plea and entered a plea of guilty to Counts I and II of the Indictment, charging him with Bank Burglary.

The PSR has determined that the defendant is a criminal history category I and has a total offense level of 15. PSR ¶ 74. His resulting guideline range is 18 to 24 months. The defendant has one objection to the PSR while the government has none. This memorandum serves to respond to the defendant's objection and provide the Unites States' sentencing recommendation.

## ARGUMENT

**The Offense:**

This case involves a series of attempted bank robberies in Billings in the fall and winter of 2017. On October 24, 2017, the defendant entered the exterior of the Beartooth Bank and attempted to access an ATM by utilizing a grinder saw. PSR ¶ 5. As would be common for most of his attempted robberies, the defendant was unsuccessful and fled the scene before law enforcement arrived. Discovered at the location, however, was the grinder, a folding knife, and other materials. *Id*.

Surveillance videos of the incident reflected the defendant attempted to conceal his identity.

Less than two months later, the defendant tried again. On December 6, 2017, he gained access to the inside of Stockman Bank in Billings, and again, used a grinder in another unsuccessful attempt to open an ATM. PSR ¶ 6. While no money was taken, the defendant did inflict approximately $12,000 in damages. The next day, the defendant again attempted to access an ATM, this one associated with First Interstate Bank. PSR ¶ 41. He would try yet again the following day as well. *Id*.

On December 14, 2017, the defendant was apprehended after fleeing on foot following a traffic stop. PSR ¶ 7. Throwing items on the ground as he ran, the defendant ultimately refused to comply with commands from law enforcement and had to be tased before being arrested. Discovered in the area of the defendant's flight was a loaded firearm and backpack. A search of the backpack resulted in the following findings:

- Green bandana, pry bar, and bolt cutters;
- Mask and a hammer; and
- Ammunition matching the firearm found in the area

Moreover, discovered in the vehicle the defendant was traveling in was a saw consistent with those utilized to access the banks. The defendant would later be interviewed and admit to the attempted robberies above. PSR ¶ 10.

**Response to Defendant's Objection to a Two-level Enhancement under USSG §2B2.1(b)(4)**

The defendant takes exception with the PSR's application, pursuant to §2B2.1(b)(4), for a two-level enhancement as a result of his possession of a dangerous weapon. *See* Addendum to PSR. Without citing any law, he contends that he did not possess a dangerous weapon but rather "burglary tools." His argument does not pass muster.

Appropriately cross-referencing §1B1.1, the response by the U.S. Probation Office correctly states that the definition of a dangerous weapon is an instrument capable of inflicting death or serious bodily injury. Here, it is undisputed that the defendant possessed, among other items, a saw and knife, both of which are capable of inflicting injury. *See United States v. Lavender*, 224 F.3d 939, 941 (9th Cir. 2000) (finding that a screwdriver was properly classified as a dangerous weapon as it could be used, for example, "to stab someone…"). Similarly, defendant's argument that the item must be intended to be a weapon is belied by relevant authority. *See, e.g.*, *Id* (rejecting defendant's argument that a means rea element must be applied to this enhancement); *United States v. Pope*, 554 F.3d 240

4

(2nd Cir. 2009) (holding that there is no requirement that the items be intended to be used as a weapon). As such, the enhancement was correctly applied and the defendant's objection should be overruled.

**Sentencing Recommendation:**

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;

- promote respect for the law;

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity;

and subsection (7) requires the Court to provide restitution to victims. Certain of these factors are particularly relevant in determining the defendant's sentence. It is important to note, however, that the Guidelines are the "starting point," and only one factor for a court to consider in drafting an appropriate sentence. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *United States v. Gall*, 552 U.S. 38, 50 (2007). In the instant action, the PSR has determined a guideline range of 18 to 24 months. The United States contends that primarily based on the need to protect the public and provide adequate deterrence, the Court should impose a sentence of 24 months.

**A.    18 U.S.C. § 3553(a)(2)(C) – The Need for the Sentence to Protect the Public**

A sentence of 24 months would be consistent with the need for the sentence to protect the public. At first blush, it is tempting to dismiss the defendant's conduct at nothing more than a haphazard attempt to access a few ATMs over a few months in Billings, Montana, but such thinking would ignore the totality of his criminal behavior. It is evident that the defendant set out to burglarize multiple banks in the Billings, Montana area. As reflected in the PSR, the defendant attempted to violently enter no less than three ATMs to access cash. And he did so while causing tens of thousands of dollars in damage in the process.

Moreover, his crime spree was not limited to these specific banks. As detailed in the PSR, the defendant is currently facing multiple charges relating to burglary theft. *See* PSR ¶¶ 49-55. They contain, among other conduct, the theft of roughly 29 firearms and subsequent attempts to sell them for drugs or cash, possession of a dangerous weapon during another burglary, and accessing other ATMs separate and apart from this convictions here. The defendant has demonstrated that he is a threat to public safety through torrential crime spree in 2017.

**Sentencing Recommendation:**

Therefore, based on the reasons articulated above and the information contained in the PSR and applicable legal authority, the United States contends that the interests of justice mandate a sentence of 24 months.

DATED this 1st day of February, 2019.

        KURT G. ALME
        United States Attorney

        /s/ *Zeno B. Baucus*
        ZENO B. BAUCUS
        Assistant U.S. Attorney