**Lance Lundvall**
**LUNDVALL LAW OFFICE**
**301 North 27ᵗʰ Street, Ste. 310**
**Billings, Montana 59101**
**Tele/Fax: (406) 294-0515**
**Email: lance@lundvalllaw.com**

**ATTORNEY FOR DEFENDANT**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **No. CR 18-63-BLG-SPW** |
| **Plaintiff,** | **DEFENDANT'S  SENTENCING MEMORANDUM** |
| **vs.** | |
| **ANTHONY WILLIAM FELTON,** | |
| **Defendant.** | |

COMES NOW the Defendant, Anthony Felton, by and

through his counsel of record, Lance Lundvall, and offers this Sentencing

Memorandum in advance of the Defendant's sentencing scheduled for *Thursday,*

*February 13, 2019, at 2:30 p.m.*

## I.  Introduction

On May 17, 2018, the Defendant was named in a three count Indictment,

charging him with two counts of Bank Burglary in violation of 18 U.S.C. 2113(a).

1

Count III charges hi with Receipt of a Firearm by Person Under Indictment, in violation of 18 U.S.C. 922(n).  The offenses occurred on October 24, 2017 and December 14, 2017.

On June 7, 2018, the Defendant pled not guilty to all counts. On October 10, 2018, the Defendant appeared before your honor and plead guilty to Counts I and II pursuant to a plea agreement. The plea agreement called for the dismissal of Count III.

## II.  Objections and Issues in the Pre-Sentence Report

The final Presentence Report sets forth the objections as made by the Defendant.

UNRESOLVED OBJECTIONS WITH GUIDELINE IMPLICATIONS-

1) Release Status/Days Custody- The Defendant was arrested related to these charges on December 14, 2017 (Paragraph 7).  He admitted guilt to these charges the following day during an interview with law enforcement (Paragraph 10). While he was not writ from state custody until June 7, 2018, he has remained incarcerated on these charges since December 14, 2017. Thus, he should be given credit from that date.  Even if that date is not used, the writ date of June 7, 2018, should at the very least be used as a date for time served credit.

2

2) Paragraph 21- Two Point Enhancement for a Weapon. The PSR includes a 2 point enhancement for use of a weapon pursuant to 2B2.1(b)(4). The PSR author relies on the 2nd Circuit opinion in *U.S. v. Pope,* 554 F.3d 240 (2nd Circ. 2009) to suggest that the burglary tools possessed were weapons.  The broad application of the definition of the word "weapon" could make any object a weapon.  The circumstances of these offenses do not warrant the application of the dangerous weapon enhancement.  In this matter, Mr. Felton broke into multiple banks while the banks were closed and no employees, customers or any other persons for that matter were on the premises.  He simply used these objects as burglary tools, specifically utilized to break through doors and into the cash machine. The is absolutely no evidence that he intended to use any of these tools as weapons.  He only possessed them for purposes of facilitating the burglaries themselves. It is truly nearly impossible to thing of an object that could not be considered a weapon. A pen in a purse or pocket, a pocket knife or leather man type tool all could be found on a person and considered weapons.  It would certainly be different if the facts in this matter suggested he was encountered by anyone else and brandished these tools.  Instead, the facts indicate he was not successful in completing the burglaries because he abandoned burglaries and ran off when he thought he would be detected.

3

3.  Paragraphs 28- same objection noted in number 2 above as it relates to

Count 2.

## III. Defendant's Scoring of the Advisory United States Sentencing Guidelines

Defendant  asserts that the scoring of the advisory guidelines is not accurate.

The inaccuracies are related to the objections to be addressed above. However, in

summary, the Defendant objects as follows:

1) the Adjusted Offense Level should not be 16; it should be 14 (paragraph

25);

2) the Adjusted Offense Level should not be 15; it should be 13 (paragraph

32)

3) Paragraph 34- Greater of the Adjusted Offense level should not be 16; it

should be 14.

4) Paragraph 36- Combined Adjusted Offense Level should not be 18; it

should be 16.

5) Paragraph 40- Total Offense Level should not be 15; it should be 13.

6) Paragraph 74- Guideline Provisions should be corrected to reflect total

offense level of 13 and guideline range of 12-18 months.

## IV.  Discussion of 3553 Factors

The fundamental consideration for the Court in sentencing is the directive

that the court "shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes [of sentencing]."18 U.S.C. §3553(a)(emphasis added.)   This primary directive requires the Court to impose the *least severe* sentence necessary to satisfy the four purposes of sentencing - punishment, deterrence, protection of the public and rehabilitation.  18 U.S.C. §3553(2)(A-D).  In fashioning a sentence, the Court must also "consider the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. §3553(a)(1).  In this regard, we respectfully request the Court consider those applicable mitigating factors under the §3553 analysis.  *US. V. Menyweather*, 447 F.3d 625, 634 (9th Cir. 2005)("In the 'broader appraisal,' available to district courts after *Booker*, courts  now [have the discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed 'not ordinarily relevant,' such as age, education and vocational skills, mental and emotional conditions, employment record, and family ties and responsibilities.")   In "sentencing an individual, [the] task is to attempt to find the most reasonable sentence for that person within the territory of all possible reasonable sentences."  *United States v. Zavala,* 443 F.3d 1165, 1170 (9th Cir. 2006).

**A.  The Sentencing Mandate in 18 U.S.C. §3553(a)(2):**

### 1.     Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment:

Section 3553(a)(2)A) requires the judge to consider "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense."  Mr. Felton does not deny the gravity of the offenses for which he pleaded guilty.  He accepted responsibility immediately- the day after he was arrested, he admitted guilt to law enforcement.  Furthermore, his admissions to the probation officer demonstrate his respect for the law and recognition of the gravity of the crimes.

### 2.     Deterrence

Section 3553(a) requires imposition of a sentence that serves crime control purposes – e.g., deterrence and incapacitation.  Congress directed that all sentences must "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant."  See 18 U.S.C. § 3553(a)(2)(B) and ( C).

While the criminal justice system as a whole provides some deterrent effect, a key question is whether enhanced sanctions or an enhanced possibility of being apprehended provide any additional deterrent benefits.  In the instant case, a criminal sentence of incarceration is of great deterrence of further criminal conduct.

Mr. Felton has already been incarcerated since December 14, 2017 and it is

6

likely he will serve additional time following sentencing. There is no question that a sentence of the incarceration he is facing in this matter is enough to deter criminal conduct of this nature.

### 3.  Protect the Public from Further Crimes of the Defendant

Thus, with respect to the 18 U.S.C. § 3553(a)(2) ( C) factor, again, a sentence of incarceration, will certainly protect the public from future crimes.

### 4.  Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

As indicated in the PRS, the Defendant is an addict.  He was using methamphetamine almost daily at the time of his offense.  He has never had treatment and thus, the Defendant would benefit from drug treatment and it is respectfully requested that the Court recommend the R-DAP program, should his sentence be long enough to allow completion.

### B.  Sentencing Factors in 18 U.S.C. § 3553(a)(1):  History and Characteristics of  Mr. Nelson.

Section 3553(a)(1) is a "broad command to consider 'the nature and circumstances of the . . . the history and characteristics of the defendant.'"  *Gall v. United States*, 128 S. Ct. 586, 596 n. 6 (2007).  Significantly, the Presentence Investigation Report  provides detail of  Mr. Felton's history and characteristics as

those factors bear on 18 U.S.C. § 3553(a).   As his father indicated in the

Presentence Report, Mr. Felton is a capable and hard worker, when sober.  He has a

desire to put this lifestyle behind him and become a productive member of society.

He desires addiction counseling.

**Conclusion**

The Defendant believes that a sentence of 12months and one day is

appropriate in this case.  Keeping in mind "the overarching statutory charge for a

district court is to 'impose a sentence sufficient, but not greater than necessary"

(*Carty*, 520 F.3d at 990, citing 18 U.S.C. § 3553(a)), and for the reasons stated

above and applying the criteria set forth in 18 U.S.C. § 3553(a), a sentence of 12

months and one day is more than sufficient and would also take into account his

age, nature of the offense, prospect of future productivity as a member of society

and his acceptance of responsibility.

RESPECTFULLY SUBMITTED this 3rd day of February, 2018.

/s/Lance Lundvall
LANCE LUNDVALL
Attorney for Defendant