IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ANTHONY WILLIAM FELTON, Defendant. | Cause No. CR 18-63-BLG-SPW ORDER |

On July 10, 2020, the Court received a letter from Defendant Felton. He asks that the judgment be amended to make his federal sentence concurrent with his state sentences. The Court will construe the letter as a motion to correct or amend the federal judgment.[1]

**Correction**

Under Federal Rule of Criminal Procedure 36, a clerical error in a judgment may be corrected "at any time." The judgment in Felton's case does not say whether the federal sentence is concurrent or consecutive to any future state sentence. *See* Judgment (Doc. 34) at 2. If, at the time of the federal sentencing hearing, the Court intended the federal sentence to be concurrent with any later-

---

[1] The clerk opened a civil file for a motion under 28 U.S.C. § 2255. The civil file will be closed.

1

imposed state sentence, it could have said so. *See Setser v. United States*, 566 U.S. 231 (2012); *cf.* 18 U.S.C. § 3584(a). Therefore, the question is whether that is what the Court intended. If so, the judgment may be clarified or corrected under Federal Rule of Criminal Procedure 36. If not, the judgment stands as entered.

In this Court, Felton pled guilty to two counts of burglarizing a bank in violation of 18 U.S.C. § 2113(a). He unsuccessfully attempted to break into two ATMs, one at Beartooth Bank and one at Stockman Bank. His advisory guideline range was 18 to 24 months. He was sentenced at the top end of the guideline range to serve 24 months in prison, to be followed by three years' supervised release. *See* Plea Agreement (Doc. 23) at 2 ¶ 1, 3–4 ¶ 4; Revised Offer of Proof (Doc. 24) at 3–4 ¶¶ 1–5; Judgment (Doc. 34) at 1–3.

At the time of the federal sentencing hearing, Felton had been charged in State court with seven felony crimes: four burglaries, two thefts, and possession of stolen property. *See* Presentence Report (Doc. 32) ¶¶ 49–55. While several of these crimes involve ATM machines, none of the charges arose from the same incidents underlying the two federal crimes.[2] The two federal crimes were

---

[2] The State of Montana may prosecute Felton for any violation of state criminal law, even if the conduct underlying a state violation also supports a federal conviction and sentence. *See, e.g.*, *Gamble v. United States*, __ U.S. __, 139 S. Ct. 1960, 1963–64 (2019) (explaining "separate sovereigns" doctrine). In that circumstance, a federal judge might be inclined to ensure the federal sentence runs concurrently with the state sentence, since the defendant only acted once. Here, however, the State's charges against Felton arose from entirely different incidents than the federal charges.

2

completely separate from the state crimes. In effect, Felton is suggesting the Court made his federal sentence concurrent with any state sentence *because* he committed the same criminal act multiple times. This is not a persuasive argument.

The Court did not intend to make the federal sentence concurrent with any later-imposed state sentence. The judgment accurately reflects the Court's intent at the time of sentencing. There is nothing to correct under Rule 36.

### **Amendment**

Once a sentence is imposed, a court has limited authority to alter it. *See* 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010). Felton does not seek release under § 3582(c)(1)(A). He has not shown that an applicable guideline has been lowered by the Sentencing Commission. *See id.* § 3582(c)(2). The conditions of Fed. R. Crim. P. 35(a) or (b) have not been met. Felton states that he "miss[ed] my window to file [a] 2255 motion." *See* Mot. to Correct (Doc. 42) at 1. The Court is not aware of any other statutory authority that would apply here to authorize amending the sentence on Felton's motion. *See id.* § 3582(c)(1)(B).

Accordingly, IT IS ORDERED:

1. Felton's letter, construed as a motion to correct or amend the judgment

(Doc. 42) is DENIED.

2. The clerk will close the civil file.

DATED this 26th day of October, 2020.

_Susan P. Watters_
Susan P. Watters
United States District Court

4